```
                  UNITED STATES DISTRICT COURT
                  NORTHERN DISTRICT OF INDIANA
                       HAMMOND DIVISION


RELIANCE INSURANCE COMPANY (IN  )
LIQUIDATION),                   )
                                )
          Plaintiff             )
                                )
     v.                         )    Case No. 2:05 cv 281
                                )
GRIFFIN DEWATERING CORPORATION, )
                                )
          Defendant             )
```

OPINION AND ORDER

This matter is before the court on the Motion for Partial Summary Judgment Against Reliance Insurance Company (In Liquidation) filed by the defendant, Griffin Dewatering Corporation, on October 9, 2006. For the reasons set forth below, this motion is **GRANTED**.

Background

The plaintiff, Reliance Insurance Company, is the successor to Planet Insurance, a company that provided workers' compensation and employer's liability insurance to the defendant, Griffin Dewatering Corporation. Following merger with Planet in October 2001, Reliance was made subject to statutory liquidation by the Commonwealth of Pennsylvania, where Reliance is incorporated. (Complaint ¶ 3) The Commonwealth brought this action in Reliance's name, pursuant to its status as liquidator, to collect unpaid premiums due Reliance.

The workers' compensation policies at issue in this matter included a Premium Agreement through which the parties adopted a

retrospective rating plan, in effect from January 25, 1992 through January 25, 1993. (Compl. Ex. D) Under this plan, Griffin paid an initial premium in addition to periodic additional premiums. (Compl. ¶ 20) The additional premiums were derived from the amount that Reliance paid responding to workers' compensation claims (in the policy's terms "incurred losses"), calculated at intervals of 18, 30, 42 and 54 months from the policy's effective date. (Compl. Ex. D) After 54 months, premium calculations continued annually until all claims subject to the policy were closed. (Compl. ¶ 20; Def. Statement ¶ 23)

The policy provided that, following each retrospective rating adjustment, if the calculation produced a "retrospective return premium" indicating an amount due Griffin, the "return premium will be due and payable to the Insured immediately." (Compl. Ex. D ¶ 6(b)(i))  Likewise, if the calculation produced a "retrospective additional premium," this amount was due and payable to Reliance immediately. (Compl. Ex. D ¶ 6(b)(ii)).

On May 19, 1994, Reliance sent Griffin's insurance broker an invoice for $436,500.00, which included a retrospective additional premium of $411,474.00. The parties disputed this amount through a period of time until October 2002, when Reliance sent its Tenth Adjustment, invoicing the amount $653,445. (Defendant's Statement of Material Facts, ¶¶ 31-38) Griffin's motion for partial summary judgment is focused upon the May 1994 invoice.

## Discussion

Pursuant to Federal Rule of Civil Procedure 56(c), summary

2

judgment is proper only if it is demonstrated that "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." *See* ***Celotex Corp. v. Catrett***, 477 U.S. 317, 322-23, 91 L.Ed.2d 265, 106 S.Ct. 2548 (1986); ***Lawrence v. Kenosha County***, 391 F.3d 837, 841 (7th Cir. 2004); ***Branham v. Snow***, 392 F.3d 896, 901 (7th Cir. 2004); ***Windle v. City of Marion***, ***Indiana***, 321 F.3d 658, 660-61 (7th Cir. 2003), *cert. denied*, 540 U.S. 873, 124 S.Ct. 873, 157 L.Ed.2d 133 (2003).  The burden is upon the moving party to establish that no material facts are in genuine dispute, and any doubt as to the existence of a genuine issue must be resolved against the moving party.  ***Adickes v. S.H. Kress & Company***, 398 U.S. 144, 160, 90 S.Ct. 1598, 1610, 26 L.Ed.2d 142, 155 (1970); ***Lawrence***, 391 F.3d at 841. A fact is material if it is outcome determinative under applicable law.  ***Anderson v. Liberty Lobby, Inc.***, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202, 212 (1986); ***Ballance v. City of Springfield, Illinois Police Department***, 424 F.3d 614, 616 (7th Cir. 2005); ***Hottenroth v. Village of Slinger***, 388 F.3d 1015, 1027 (7th Cir. 2004); ***Palmer v. Marion County***, 327 F.3d 588, 592 (7th Cir. 2003).  Even if the facts are not in dispute, summary judgment is inappropriate when the information before the court reveals a good faith dispute as to inferences to be drawn from those facts.  ***Spiegula v. Hull***, 371 F.3d 928, 935 (7th Cir. 2004); ***Hines v. British Steel Corporation***, 907 F.2d 726, 728 (7th Cir. 1990).  Finally, summary judgment "will not be defeated simply because motive or intent are involved." ***Roger v. Yellow***

3

*Freight Systems, Inc*., 21 F.3d 146, 148 (7th Cir. 1994).  *See also* **Miller v. Borden, Inc**., 168 F.3d 308, 312 (7th Cir. 1999); **Plair v E.J. Brach & Sons, Inc.**, 105 F.3d 343, 346 (7th Cir. 1997); **United Association of Black Landscapers v. City of Milwaukee**, 916 F.2d 1261, 1268 (7th Cir. 1990).

In deciding a motion for summary judgment, the trial court must determine whether the evidence presented by the party opposed to the summary judgment is such that a reasonable jury might find in favor of that party after a trial.

> The inquiry performed is the threshold inquiry of determining whether there is the need for a trial--whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.
>
> [T]his standard mirrors the standard for a directed verdict under Federal Rule of Civil Procedure 50(a), which is that the trial judge must direct a verdict if, under the governing law, there can be but one reasonable conclusion as to the verdict.
>
> **Anderson**, 477 U.S. at 250, 106 S.Ct. at 2511

*See also* **Reeves v. Sanderson Plumbing Prods., Inc**., 530 U.S. 133, 149-151, 120 S.Ct. 2097, 2109, 147 L.Ed.2d 105, 120-22 (2000) (setting out the standard for a directed verdict); **Celotex Corp**., 477 U.S. at 322-323, 106 S.Ct. at 2553; **Branham**, 392 F.3d at 901; **Lawrence**, 391 F.3d at 841; **Hottenroth**, 388 F.3d at 1027 (stating that a genuine issue is one on which "a reasonable fact finder could find for the nonmoving party"); **Schuster v. Lucent Technologies, Inc**., 327 F.3d 569, 573 (7th Cir. 2003)(stating that a genuine issue exists and summary judgment is inappropriate if

there is sufficient evidence for a jury to return a verdict for the nonmoving party).

In its motion for partial summary judgment, Griffin first raises a statue of limitations defense to the collection of premium amounts first billed in May 1994, approximately 11 years prior to the filing of the complaint in this matter. Specifically, Griffin claims that the amount of $436,500, first billed by Reliance in May 1994, is barred by the statute of limitations. Griffin argues that New York law supplies the substantive law in this dispute and further bases its argument on New York's six-year statute of limitations for contract claims. Reliance points out, correctly, that despite the application of New York substantive law, a federal court sitting in diversity applies the choice-of-law and procedural law of the forum state, including its statute of limitations. *Smurfit Newsprint Corporation v. Southeast Paper Manufacturing Company*, 368 F.3d 944, 949 (7th Cir. 2004); *Suyemasa v. Myers*, 420 N.E.2d 1334, 1344 (Ind. App. 1981)("[I]t is well settled that statutes and rules governing the time in which actions may be brought affect only the remedy, and the law of the forum will control."); *Miller v. Javitch, Block & Rathbone*, 397 F.Supp.2d 991, 1002-03 (N.D. Ind. 2005). Accordingly, Reliance argues that this matter is governed by Indiana's ten-year statute of limitations for contract actions. See I.C. §34-11-2-11; *Meisenhelder v. Zipp Express*, 788 N.E.2d 924, 927 (Ind. App. 2003).

In reply, Griffin states that this detail does not alter its argument, because the May 1994 invoice also falls outside of Indiana's ten-year limitations period. Because Griffin's motion for partial summary judgment regards only the invoice received in May 1994 (and does not challenge any amounts that arose in the gap between New York's six-year limitations period and Indiana's comparable ten-year period), the parties' choice-of-law dispute is not implicated by Griffin's motion. However, the court recognizes that, while the choice-of-law doctrine generally regards a statute of limitations as procedural and to be applied according to the law of the forum state, exceptions may exist, particularly if the forum state has no substantive interest in the claim. *See* Restatement (Second) of Conflict of Laws §142; ***Berger v. AXA Network, LLC***, 459 F.3d 804, 811-12 (7th Cir. 2006); ***Horvath v. Davidson***, 264 N.E.2d 328, 334 (Ind. App. 1970). However, Griffin's motion does not require the court to address this distinction.

The court must address Griffin's related argument that the cause of action for breach of the retrospective premium insurance agreement, at least with respect to the $436,500, accrued in May 1994, and is barred by both the New York and Indiana statutes of limitations.

The parties point to disparate results in the relative handful of decisions that defined the point of accrual in claimed breaches of similar retrospective insurance policies. Griffin points to a series of cases that treat the periodic retrospective

6

premiums as installments, each subject to separate accrual. *Commissioners of the State Insurance Fund v. Trio Asbestos Removal Corp.*, 9 A.D.3d 343, 345, 780 N.Y.S.2d 362, 364 (2d Dep't 2004)("[T]he fact that the amount of the premiums due was estimated, and subject to an audit and adjustment, did not serve to extend the statute of limitations to recover unpaid estimated premiums."); *Commissioners of State Insurance Fund v. Photocircuits Corp.*, 2 Misc.3d 300, 309-310, 773 N.Y.S.2d 190, 198 (N.Y.Sup. 2003)(*revd on other grounds* 20 AD3d 173)("[T]he amount to be returned to the defendant was determined annually and was expected to be settled annually after calculations were completed. Thus, the statute of limitation accrued as each premium became due and payable."). *See also Potomac Insurance Company of Illinois v. Richmond Home Needs Services, Inc.*, No. 4 Civ. 4335, 2006 WL 2521283 at *2 (S.D.N.Y. 2006); *Liberty Mutual Insurance Company v. Precision Valve Corporation*, 402 F.Supp.2d 481, 485-86 (S.D.N.Y. 2005); *American Insurance Company v. Midwest Motor Express, Inc.*, 554 N.W.2d 182, 187 (N.D. 1996)("The amount Midwest owed or the amount to be returned by American was ascertained annually and was expected to be settled annually after calculations were completed.").

Reliance counters that no Indiana court has addressed this issue and urges this court to adopt "the better rule" with respect to retrospective insurance agreements, a rule that periodic adjustments are merely an estimate en route to a final adjustment. A cause of action does not accrue, Reliance urges,

7

until the final adjustment is rendered. *See* ***National Union Fire Insurance Company of Pittsburgh, Pennsylvania v. LSB Industries, Inc.***, 296 F.3d 940, 945 (10th Cir. 2002)(*citing* ***Brookshire Grocery Company v. Bomer***, 959 S.W.2d 673 (Tex. App. 1997)("The ***Brookshire*** court determined that because *under the controlling contract*, each retrospective adjustment was merely a bench mark along the way to a subsequent final calculation, the statute did not bar a later or final premium adjustment until such adjustment was actually made.")(emphasis added).

There is no authority to support adopting an accrual rule unique to retrospective insurance policy claims. In fact, despite the parties' arguments to the contrary, courts that have faced this question have not adopted a rule, generally applicable to such agreements, that classifies retrospective adjustments as either enforceable obligations or mere estimates. Rather, courts addressed the issue with the application of contract law principles to the specific terms of the parties' contract. *See* ***LSB Industries***, 296 F.3d at 945; ***Brookshire Grocery Company***, 959 S.W.2d at 678 ("Pursuant to the 1986 Retro Plan, these annual adjustments were simply *estimates* of the premiums dues under the 1986 policy. It was not until the Receiver adjusted the premiums pursuant to the original 1986 Retro Plan and demanded a deficiency payment . . . that the cause of action accrued.")(emphasis in original); ***American Insurance Company***, 554 N.W.2d at 186-87; ***Potomac Insurance Company of Illinois***, 2006 WL 2521283 at *2

("The court notes that a cause of action in an insurance case accrues on the date that payment is due and has been rejected.").

Accordingly, the policy's terms determine whether each periodic retrospective adjustment established in Griffin's policy created an obligation that supports an independent cause of action for breach of contract. Turning to the agreement, it is clear that beyond providing a mere estimate, each retrospective adjustment by Reliance was a demand for payment. Correspondingly, Griffin was obligated to pay each retrospective additional premium as it became due. Section 6 of the parties' agreement specifically made such payments "due and payable immediately." When Griffin disputed this invoice and refused to pay, a cause of action for breach accrued.

Reliance maintains a separate argument that, because it would be entitled to maintain a cause of action on later retrospective adjustments based upon the same policy, Griffin has promoted a "carve out" rule that requires the deduction of previously billed amounts from what later can be recovered. Reliance further points out that, because the means of calculating the retrospective premium changes over time, it is not accurate to consider the $436,500 first billed in 1994 as included in subsequent bills. Assuming that Reliance is successful in its suit with respect to a later retroactive premium, one that became due in the relevant limitations period, its argument presents only questions regarding the calculation of damages applicable to that specific breach, as distinct from the May 1994

9

breach which is time-barred. Though questions regarding the calculation of damages remain unresolved, it is clear that Reliance's cause of action regarding the May 1994 invoice accrued when Reliance demanded payment and payment was refused. This event is outside both the New York and Indiana limitations period.

Griffin further seeks summary judgment regarding Reliance's claims under theories of promissory estoppel and unjust enrichment. There is no dispute that this matter is a question of substantive law or that the substantive law of this case is supplied by New York. The parties also do not dispute the application of the general rule that the existence of an express contract precludes recovery under quasi-contractual theories. **Clark-Fitzpatrick, Inc. v. Long Island Rail Road Company**, 70 N.Y.2d 382, 388, 516 N.E.2d 190 (1987); **McDraw, Inc. v. The CIT Group Equipment Financing**, 157 F.3d 956 (2nd Cir. 1997); **Reliance Insurance Company v. Safeharbor Employer Services I, Inc**., 2006 WL 822527 (M.D. Fla. 2006).

Rather, Reliance points out that in briefing this motion for partial summary judgment, Griffin stated only that it accepts the agreements submitted with the plaintiff's complaint as true and correct "for the purposes of this motion." Reliance suggests that this statement indicates Griffin's unwillingness to admit that a contract exists between the parties. Griffin has, according to Reliance, refused to admit the existence of the contract, permitting Reliance to proceed under quasi-contractual theories.

10

Griffin's attempt to preserve the possibility of a later evidentiary objection cannot be read as a statement that it disputes the existence of a contract with Reliance governing this matter, even if later disputes arise over the meaning of the terms of this agreement. Reliance, in implying that a contract exists only if the parties have no dispute over its scope or terms, is without merit. Certainly, every contract action has at its core some dispute over the meaning of the contract's terms. Reliance has presented no argument that the dispute between the parties is outside the scope of the express agreements between them. Accordingly, Griffin's motion for summary judgment on the claims of promissory estoppel and unjust enrichment is GRANTED.

_____

For the foregoing reasons, the Motion for Partial Summary Judgment Against Reliance Insurance Company (In Liquidation) filed by the defendant, Griffin Dewatering Corporation, on October 9, 2006, is **GRANTED.**

ENTERED this 17th day of April, 2007


s/ANDREW P/ RODOVICH
United States Magistrate Judge